IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH CORNELL,

        Plaintiff,

                              Civil No. 07-495-ST

        v.                        FINDINGS AND
                                        RECOMMENDATION

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

_____

STEWART, Magistrate Judge:

        Plaintiff, Elizabeth Cornell ("Cornell"), seeks judicial review of the Social Security Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social

1 - FINDINGS AND RECOMMENDATION

Security Act. This court has jurisdiction under 42 USC §§ 405(g) and 1383(c). The Commissioner's decision should be affirmed for the reasons that follow.

## BACKGROUND

Born in 1965, Cornell has an eighth grade education and a general equivalency degree. Tr. 69, 80, 227.[1] Between 1996 and 2002, she worked as a cook, waitress, and housecleaner supervisor. Tr. 75.

Cornell alleges that she suffers from a disability due to back injury, asthma, "chemical imbalance, borderline personality [disorder], manic tendencies, anxiety issues, panic attacks, agoraphobic behaviors occasionally, suicidal at times, serious depression." Tr. 74. Cornell applied for benefits on February 24, 2004, alleging disability since 1991. Tr. 69-74, 218-19. Her applications were denied initially and upon reconsideration. Tr. 37-41, 208-10, 212-16. A hearing was held before an Administrative Law Judge ("ALJ") on July 6, 2005. Tr. 223-48. On August 24, 2006, the ALJ found Cornell not disabled. Tr. 16-23. The Appeals Council accepted additional evidence into the record but denied review of Cornell's application on February 23, 2007, making the ALJ's decision the Commissioner's final decision. Tr. 6-9. Cornell appeals that decision.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 CFR §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 US 137, 140-42 (1987).

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on June 6, 2007 (docket #7).

2 - FINDINGS AND RECOMMENDATION

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If so, then the claimant is not disabled. 20 CFR §§ 404.1520(4)(i), 416.920(a)(4)(i).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the 12-month duration requirement. 20 CFR §§ 404.1509; 404.1520(4)(ii), 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, then she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 CFR §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If it does, then the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 CFR §§ 404.1520(e), 416.920(e); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ uses this information to determine if the claimant can perform past relevant work at step four. 20 CFR § 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the claimant cannot perform past relevant work, then at step five the ALJ must determine if the claimant can perform other work in the national economy. *Yuckert*, 482 US at 142; *Tackett v. Apfel*, 180 F3d 1094, 1099 (9th Cir 1999); 20 CFR §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F3d at 1098. If the process reaches step five, the burden shifts to the Commissioner to show that jobs

exist in the national economy in the claimant's residual functional capacity. *Id.* If the Commissioner meets this burden then the claimant is not disabled. 20 CFR §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step two, the ALJ found that Cornell's asthma, panic disorder with agoraphobia, and borderline personality disorder were severe impairments. Tr. 19. However, the ALJ found that these impairments did not meet or equal a listed impairment at step three. *Id.* The ALJ then found Cornell's "statements concerning the intensity, persistence and limiting effect of her symptoms not entirely credible." Tr. 20. As a result, the ALJ assessed Cornell's RFC as follows:

> The claimant has a residual functional capacity without exertional restrictions. She should have no exposure to high levels of air pollutants or fumes. She is limited from detailed tasks or instructions, and can have no close interaction with the general public. There are no other limitations.

Tr. 19.

Based on this RFC and the testimony of a vocational expert, the ALJ concluded that Cornell could not return to her past relevant work as a cook or waitress, but retains the ability to perform significant work in the national economy as, for example, a touch-up screener, laundry worker, or office helper. Tr. 21-22. Therefore, the ALJ found Cornell not disabled under the Act at any time through the date of his decision. *Id.*

Cornell challenges the ALJ's evaluation of the evidence and her conclusions at step five.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the

4 - FINDINGS AND RECOMMENDATION

record.  42 USC § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F3d 1190, 1193 (9th Cir 2004).  This court must weigh the evidence that supports and detracts from the ALJ's conclusion.  *Lingenfelter v. Astrue*, 504 F3d 1028, 1035 (9th Cir 2007), citing *Reddick v. Chater*, 157 F3d 715, 720 (9th Cir 1998).  The reviewing court may not substitute its judgment for that of the Commissioner.  *Id,* citing *Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 882 (9th Cir 2006); *see also Edlund v. Massanari*, 253 F3d 1152, 1156 (9th Cir 2001).  Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading.  *Magallanes v. Bowen*, 881 F2d 747, 750 (9th Cir 1989); *see also Batson*, 359 F3d at 1193.

## FINDINGS

Cornell contends the ALJ improperly rejected her testimony and the opinions of an examining physician and an examining psychologist.  She also contends that the ALJ failed to develop the record.

**I.     Medical Source Statements**

Cornell challenges the ALJ's evaluation of the opinions of examining physician, Sam Bartholomew, M.D., and examining psychologist, Alison Prescott, Ph.D.  Cornell also challenges the ALJ's evaluation of her asthma.  Since that evaluation is based on Cornell's symptom testimony, it is discussed below in connection with Cornell's credibility challenge.

**A.     Legal Standard**

Cornell challenges the ALJ's evaluation of two examining physicians.  An examining physician's opinion is accorded greater weight than a reviewing physician, but less weight than a treating physician.  *Edlund*, 253 F3d at 1157; *Lester v. Chater*, 81 F3d 821, 830 (9th Cir 1995).  The ALJ is responsible for evaluating conflicts between physician opinions.  *Batson*, 359 F3d at

1195.  The opinion of a physician is not necessarily conclusive to the ultimate issue of disability, which is reserved for the Commissioner to decide.  20 CFR §§ 404.1527(e)(1), 416.927(e)(1); *see also Morgan v. Comm'r*, 169 F3d 595, 601 (9th Cir 1999).

### B.     Examining Physician Dr. Bartholomew

Dr. Bartholomew examined Cornell on December 31, 2004, and assessed myofascial back pain.  Tr. 178-81.  As to work-related limitations, he found that Cornell:  (1) could stand and walk "at least six hours" and sit without restriction in an eight hour work day; (2) did not require an assistive device; (3) had no weight restriction for "frequent or occasional" lifting; and (4) had no postural or manipulative restrictions.  Tr. 181.

Although Dr. Bartholomew found no manipulative restrictions, Cornell submits that he unknowingly documented her to have limited range of motion involving her elbows and wrists.  She points to his finding that her elbow flexion was 140 degrees, which she maintains is less than the normal expected range of motion of 150 degrees.  Similarly his chart notes show that her wrist flexion was 60 degrees, which she maintains is less than the normal expected range of 70 degrees.  As support for the normal expected range of motion, she submits a blank form from the Department of Consumer and Business Services, Worker's Compensation Division, titled "Range of Motion and Deformity/Deviation."  The form contains degree values for elbow and wrist flexion without citation or explanation.  This form is not sufficient for either the court or the ALJ to ascertain whether Dr. Bartholomew's range of motion findings support any manipulative restrictions.

Cornell also asserts that Dr. Bartholomew's chart notes establish that she meets "worker's compensation" standards for disability and infers that this establishes disability under

6 - FINDINGS AND RECOMMENDATION

the Social Security Act. However, Cornell provides no legal citation for this assertion, instead relying solely on the blank form. Even if Cornell correctly cites the worker's compensation disability analysis, she applies the wrong standard. Social security disability findings are governed by the Commissioner's regulations, and disability findings by other governmental or nongovernmental agencies are not binding. 20 CFR §§ 404.1504, 416.904. These standards are distinct from worker's compensation standards, and neither the ALJ nor this court may consider worker's compensation standards.

Because Cornell fails to show any error in the ALJ's analysis of Dr. Bartholomew's opinion, the ALJ's findings regarding Dr. Bartholomew should be affirmed.

### C. Examining Psychologist Dr. Prescott

Dr. Prescott performed a psychological evaluation of Cornell on May 31 2004. Tr. 183-86. Cornell asserts that the ALJ failed to include all of Dr. Prescott's assessed limitations. Dr. Prescott's diagnostic impressions were panic disorder with agoraphobia, borderline personality disorder, and chronic back pain. Tr. 186. Contrary to Cornell's assertion, the ALJ included each of these in her findings. Tr. 19.

Nevertheless, Cornell claims the ALJ's RFC assessment should have included Dr. Prescott's references to "excessive anger," "chaotic and overactive interactional style," "very poor coping skills" and "projected blame to others." Dr. Prescott cited these characteristics to support her diagnosis of borderline personality disorder. Tr. 186. The ALJ's findings included Dr. Prescott's borderline personality disorder diagnosis. Tr. 19. Because the record supports the ALJ's finding, Cornell's assertion fails.

///

**II.     Lay Witness Testimony**

Cornell asserts that the ALJ inappropriately rejected a global assessment of functioning ("GAF")[2] analysis by psychiatric mental health nurse practitioner, Diane Conrad, on September 3, 2004. Tr. 206. The ALJ noted Conrad's GAF assessment, but assessed Conrad as a lay witnesses. Tr. 20. The ALJ also noted that Dr. Prescott contradicted Conrad's opinion and that Conrad's opinions were based upon Cornell's subjective presentation. Tr. 20-21.

The ALJ based his analysis upon the appropriate legal standards. Nurse practitioners working without physician supervision are not acceptable medical sources. 20 CFR §§ 404.1513(d), 916.913(d); *Gomez v. Chater*, 74 F3d 967, 971 (9th Cir 1996). Thus, nurse practitioners are assessed as lay witnesses.

Lay witnesses may not make medical diagnoses. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir 1996), citing *Vincent v. Heckler*, 739 F2d 1393, 1395 (9th Cir 1984). The ALJ is also entitled to reject lay witness testimony inconsistent with medical evidence. *Lewis v. Apfel*, 236 F3d 503, 511 (9th Cir 2001). Finally, an ALJ may reject opinions predicated upon the volitional behavior of a claimant found not credible. *See Tonapetyan v. Halter*, 242 F3d 1144, 1149 (9th Cir 2001). As discussed below, the ALJ properly found Cornell not entirely credible.

For these reasons, the ALJ's analysis of Conrad's opinion should be sustained.

**III.    Cornell's Credibility**

Cornell contends the ALJ failed to accurately assess limitations imposed by her asthma, specifically alleging that the ALJ should have considered her reports of shortness of breath.

---

[2] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100. *Diagnostic and Statistical Manual of Mental Disorders* (4th ed 1994) ("DSM-IV") 30-32.

Because this submission is predicated upon Cornell's reported symptom testimony, the court construes it as a challenge to her credibility.

The ALJ found Cornell's "statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely credible." Tr. 21. The ALJ based this finding upon Cornell's reported activities of daily living and her medical record. Tr. 21-22.

### A. Legal Standard

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter*, 504 F3d at 1036, citing *Smolen v. Chater*, 80 F3d 1273, 1281 (9th Cir 1996). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F3d 748, 750 (9th Cir 1995). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id*. Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because " the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F3d at 883.

///

///

9 - FINDINGS AND RECOMMENDATION

B.   **Discussion**

   1.   **Activities of Daily Living**

The ALJ first noted Cornell's reports to Dr. Bartholomew in December 2004 that she "managed household chores and self care," could walk up stairs, shop, and "enjoyed hobbies that included playing the piano, writing, and calligraphy." Tr. 21. The ALJ noted that in May 2004 Cornell reported "similar" activities on her disability questionnaires and told Dr. Prescott she planned to attend community college and find work. *Id.* The ALJ concluded that "these activities are consistent with the [RFC] determined in this case." *Id.* Although Cornell testified on July 6, 2006, that she longer plays the piano (Tr. 233), the ALJ accurately cited the record. TR. 114-18, 178, 183. Thus, this finding should be affirmed.

   2.   **Medical Record**

The ALJ may not cite the medical record as the only reason for finding a claimant's allegations of disability not credible, but may cite the medical record in concert with other factors. *Smolen*, 80 F3d at 1284; *see also Robbins*, 466 F3d at 883. Here, the ALJ noted that the medical record contradicted Cornell's reports of memory and walking limitations. Tr. 21. The record cited by the ALJ reflects this assessment. Tr. 181, 185. Thus, the ALJ's citation to Cornell's medical record, in conjunction with her other findings, is appropriate.

C.   **Conclusion**

The ALJ's credibility findings are based upon substantial evidence and the appropriate legal standards and should be affirmed. For this reason, the ALJ was not required to include Cornell's symptom testimony regarding her asthma in his RFC assessment.

///

### IV. Duty to Develop the Record

Cornell contends that the ALJ failed to appropriately develop the record regarding her asthma, Dr. Prescott's report, and a nurse practitioner's GAF analysis. The ALJ's duty to develop the record is triggered when evidence is insufficient or when ambiguities arise. *Bayliss v. Barnhart*, 427 F3d 1211, 1217 (9th Cir 2005); *Thomas v. Barnhart*, 278 F3d 947, 958 (9th Cir 2002). As discussed below, this court finds that the record is complete and supports the ALJ's decision.

#### A. Asthma

The record shows that Cornell experienced asthma exacerbations in January 2003, September 2004, and June 2005. Tr. 152, 189-90. These isolated incidents do not raise sufficient ambiguity warranting development of the record. Additionally, Cornell testified that her asthma is being treated successfully with a nebulizer. Tr. 239-41.

#### B. Mental Limitations

Cornell specifically contends that the ALJ should have asked Dr. Prescott to assess Cornell's work-related limitations. Contrary to Cornell's contention, Dr. Prescott's opinion is not incomplete simply because it finds no work-related limitations.

First, Cornell fails to provide legal authority in support of this alleged error. Second, as noted above, the ALJ accepted Dr. Prescott's diagnoses of panic disorder, agoraphobia, and borderline personality disorder. Tr. 19, 20. The ALJ also noted that Dr. Prescott "did not assess any limitations." Tr. 20. The record supports this finding. Tr. 183-86. Furthermore, the ALJ is not required to "recontact" an examining physician. *Thomas*, 278 F3d at 959.

///

### C.    Lay Witness GAF Analysis

Cornell finally contends the ALJ should have developed the record because nurse practitioner Conrad assessed her GAF at 48.  As noted above, the ALJ correctly evaluated Conrad as a lay witness.  Cornell fails to recognize that Conrad is a lay witness and provides no legal authority obligating the ALJ to develop lay witness testimony.  In addition, the GAF analysis does not correlate to disability under the Social Security Act.  65 Fed Reg 50,746 at 50,764-65 (August 21, 2000).

## CONCLUSION

Cornell asserts that no medical professional reached the same conclusion as the ALJ. However, disability determinations are reserved for the Commissioner, and the ALJ is responsible for evaluating the evidence.  20 CFR §§ 404.1527(e)(1), 416.927(e)(1); *Batson*, 359 F3d  at 1195.  The ALJ's conclusion must be supported by substantial evidence in the record, but need not mirror any medical assessment in the record.  Upon review, this court determines that the ALJ's findings meet this standard.

## RECOMMENDATION

Because the Commissioner's decision that Cornell did not suffer from disability and is not entitled to benefits under Titles II and XVI of the Social Security Act is based upon correct legal standards and supported by substantial evidence, this court recommends that the Commissioner's decision should be AFFIRMED and this case should be DISMISSED.

///

///

///

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due by January 18, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 3rd day of January, 2008.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge